**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ANDREW JAMES BELL,
ADC #140259**                                                                                    **PLAINTIFF**

V.                          **CASE NO. 5:09CV00212 BSM/BD**

**LARRY NORRIS,** *et al.*                                                                   **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.     Introduction**

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), brings this action pro se under 42 U.S.C. § 1983 (docket entry #2), along with a motion for leave to proceed *in forma pauperis* (#1).  For the following reasons, this Court recommends that Plaintiff's Complaint (#2) be DISMISSED with prejudice, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot.  In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

**III.    Background**

In the Complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to Due Process by failing to process his administrative grievances.  Plaintiff contends that he has a constitutional right to exhaust his administrative remedies through the grievance procedure.  Though Plaintiff mentions being struck by a prison officer, it appears clear from the Complaint that he is only pursuing a Fourteenth Amendment claim in this action.  Accordingly, this Recommended Disposition does not address Plaintiff's potential Eighth Amendment claim.

**IV.     Discussion**

   A.    *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must

dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived her of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983.  While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  Even construing Plaintiff's Complaint liberally, he fails to state a claim upon which relief may be granted.

    B.    *Due Process*

To prevail on a Fourteenth Amendment Due Process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  The only cognizable interest claimed in this case is a liberty interest.  Inmates, however, have no liberty interest in the administrative remedy procedure.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, Plaintiff has no constitutional interest in having state officers follow state law or prison officials follow prison regulations.  *Kennedy v. Blankenship*, 100 F.3d 640, 643

(8th Cir. 1996). Accordingly, Defendants' alleged failure to process Plaintiff's grievances is not actionable under 42 U.S.C. § 1983.

**V.    Conclusion:**

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED WITH PREJUDICE, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 10th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE